U.S. OFFICE COURT
2014 SEP 18 AM 12:58

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** <br> **Plaintiff,** <br> **v.** <br> **[4] CARLOS L. CARRERO-RAMOS, aka "CARLITOS" and "CARLOS EL GORDO,"** <br> **Defendant.** | **CRIMINAL NO. 13-888 (ADC)** |

## PLEA AGREEMENT

**TO THE HONORABLE COURT:**

The United States of America, by and through its attorneys, Rosa Emilia Rodriguez Vélez, United States Attorney for the District of Puerto Rico, José A. Ruiz, Assistant U.S. Attorney, Chief, Criminal Division, Jenifer Y. Hernández Vega, Assistant U.S. Attorney, Deputy Chief, Narcotics Division, and Dennise N. Longo Quiñones, Assistant U.S. Attorney, Narcotics Division, the defendant, Carlos L. Carrero-Ramos and the defendant's counsel, Lara H. Castro-Ward, Esq., and state that they have reached an agreement pursuant to Rule 11(c)(1)(A) and (B) of the Federal Rules of Criminal Procedure, the terms and conditions of which are as follows:

XH CW
C.C.R

**OFFENSE TO WHICH DEFENDANT PLEADS GUILTY**

1. Carlos L. Carrero-Ramos agrees to plead guilty to Count One of the Indictment which charges as follows:

> [b]eginning on a date unknown, but no later than in or about the year 2010, and continuing up to and until the return of the instant Indictment, in the Municipality of Añasco, District of Puerto Rico and within the jurisdiction of this Court,

[redacted]

[4] CARLOS L. CARRERO-RAMOS, aka "CARLITOS" and "CARLOS EL GORDO,"

[redacted]

JHCW
C.C.R

the defendants herein, did knowingly and intentionally, combine, conspire, and agree with each other and with diverse other persons known and unknown to the Grand Jury, to commit an offense against the United States, that is, to knowingly and intentionally possess with intent to distribute and/or to distribute controlled substances, to wit: in excess of two hundred and eighty (280) grams of cocaine base (crack), a Schedule II Narcotic Drug Controlled Substance; in excess of one (1) kilogram of heroin, a Schedule I, Narcotic Drug Controlled Substance; in excess of five (5) kilograms of cocaine, a Schedule II, Narcotic Drug Controlled Substance; and in excess of one hundred (100) kilograms of marijuana, a Schedule I, Controlled Substance; within one thousand (1,000) feet of the real property comprising a housing facility owned by a public housing authority. All in violation of Title 21, *United States Code*, Sections 841(a)(1), 846 and 860.

**MAXIMUM PENALTIES**

2. The defendant understands that in relation to Count One as charged the penalties for the violation of Title 21, *United States Code*, Section 841(a)(1) are a term of imprisonment which may not be less than 10 years or more than life, a fine not to exceed 10 million dollars and a term of supervised release of at least 5 years, with maximum penalties that would be twice that of Section 841(b), equivalent to life imprisonment and fine up to 20 million dollars, and supervised release terms that would be at least twice those provided in Section 841(b) pursuant to the violation of Title 21, *United States Code*, Section 860, equivalent to 10 years of supervised release.

**APPLICABILITY OF SENTENCING GUIDELINES**

JHCW
CCR

1. The defendant understands that the sentence will be left entirely to the sound discretion of the Court in accordance with the advisory Sentencing Guidelines, Title 18, *United States Code*, Section 3551, *et. seq.* (hereinafter the "Guidelines"). It is further understood that the defendant may not withdraw defendant's plea solely as a result of the sentence imposed and the Court is not bound by this plea agreement. The defendant acknowledges and understands that parole has been abolished.

**SPECIAL MONETARY ASSESSMENT**

2. Prior to or at the time of sentencing, the defendant shall pay a special assessment of one-hundred dollars ($100.00), per count, as required by Title 18, *United States Code*, Section 3013(a).

**FINES AND RESTITUTION**

3. The defendant is aware that the Court may, pursuant to Section 5E1.2(i) of the *Sentencing Guidelines, Policy Statements, Application, and Background Notes*, order the

defendant to pay a fine sufficient to reimburse the government for the costs of any imprisonment, probation or supervised release. The defendant is aware that in some instances, the Court may impose restitution to the victim. As part of this plea agreement, and should the Court impose restitution upon the defendant, the defendant agrees to produce complete information regarding all restitution victims and defendant agrees to execute a financial statement to the United States (OBD Form 500).

## SENTENCING GUIDELINES CALCULATIONS

4. Although the Guidelines are now advisory in nature, the sentencing court, in imposing sentence, is required to consider the Guidelines "sentencing range established for the applicable category of the offense committed by the defendant". *United States v. Booker*, 125 S.Ct. 738 (2005). Therefore, the United States and the defendant submit the following Advisory Sentencing Guideline calculations:

| **SENTENCING GUIDELINES CALCULATION TABLE** | |
|---|---|
| **Based on the amount of controlled substance stipulated by the parties, that is at least 5 KG but less than 15 KG of cocaine, the Base Offense Level shall be 32, pursuant to the Drug Quantity Table in U.S.S.G. § 2D1.1.** | **32** |
| **Since the offense occurred in a protected location the base offense level shall be increased by two (2) levels, pursuant to U.S.S.G. § 2D1.2(a)(1).** | +2 |
| **Enhancement for role as leader by four (4) levels, pursuant to U.S.S.G. § 3B1.1(a)** | +4 |
| **Should defendant clearly demonstrate acceptance of responsibility for the offense, defendant's base offense level shall be further reduced by three (3) levels, pursuant to U.S.S.G. § 3E1.1.** | -3 |

| TOTAL OFFENSE LEVEL | 35 |
|---|---|
| Imprisonment range:<br>Assuming a Criminal History Category of I<br>Assuming a Criminal History Category of II<br>Assuming a Criminal History Category of III | <br>168-210<br>188-235<br>210-262 |
| **The parties make no stipulation as to defendant's Criminal History Category.** | |

**RULE 11(e)(1)(B) WARNINGS**

5. Defendant understands that, pursuant to Rule 11(e)(1)(B) of the Federal Rules of Criminal Procedure, the Court is not bound by these sentencing guidelines calculations, that is, the Court may impose a harsher or lesser sentence in spite of the recommendations set forth herein. Also, the defendant understands that defendant may not withdraw defendant's plea solely as a result of the final sentencing guidelines calculations made by the Court.

JHCW
C.C.R

**SENTENCE RECOMMENDATION**

6. If the Defendant is a CHC I or II, the Defendant may argue for a sentence of imprisonment of no less than 151 months and the United States may argue for a sentence of imprisonment up to 227 months. If the Defendant is a CHC of III or above, the parties will recommend a sentence within the applicable guideline range at an adjusted offense level of 35. The parties agree that the imposition of a sentence within the parameters of the recommendations to be argued by the parties pursuant to this agreement is reasonable pursuant to Title 18, *United States Code*, Section 3553 (a).

**NO STIPULATION AS TO CRIMINAL HISTORY CATEGORY**

7. The parties make no stipulation as to defendant's Criminal History Category.

**NO FURTHER ADJUSTMENTS OR DEPARTURES**

8. The United States and the defendant agree that no further adjustments or departures to the defendant's base offense level shall be sought by the parties. The parties agree that any request by the defendant for an adjustment, departure, or a lower sentence will be considered a material breach of this Plea Agreement and the United States will be able to request the withdrawal of the Plea Agreement.

**SATISFACTION WITH ATTORNEY**

9. The defendant, represents to the Court that defendant is satisfied with defendant's attorney, Lara H. Castro-Ward, Esq., and hereby indicates that counsel has rendered effective legal assistance.

**RIGHTS SURRENDERED BY DEFENDANT THROUGH GUILTY PLEA**

10. Defendant understands that by entering into this agreement, defendant surrenders certain rights as provided in this agreement. Defendant understands that the rights of criminal defendants include the following:

a. If the defendant had persisted in a plea of not guilty to the charges, defendant would have had the right to a speedy jury trial with the assistance of counsel. The trial may be conducted by a judge sitting without a jury if the defendant, the United States and the judge agree.

b. If a jury trial is conducted, the jury would be composed of twelve lay persons selected at random. The defendant and the defendant's attorney would assist in selecting the jurors by removing prospective jurors for cause where actual bias or other disqualification is shown, or by removing prospective jurors without cause by exercising peremptory challenges.

The jury would have to agree, unanimously, before it could return a verdict of either guilty or not guilty. The jury would be instructed that the defendant is presumed innocent, that it could not convict the defendant unless, after hearing all the evidence, it was persuaded of the defendant's guilt beyond a reasonable doubt, and that it was to consider each charge separately.

c. If a trial is held by the judge without a jury, the judge would find the facts and, after hearing all the evidence and considering each count separately, determine whether or not the evidence established the defendant's guilt beyond a reasonable doubt.

d. At a trial, the United States would be required to present its witnesses and other evidence against the defendant. The defendant would be able to confront those witnesses and defendant's attorney would be able to cross-examine them. In turn, the defendant could present witnesses and other evidence on defendant's own behalf. If the witnesses for the defendant would not appear voluntarily, defendant could require their attendance through the subpoena power of the Court.

e. At a trial, the defendant could rely on the privilege against self-incrimination to decline to testify, and no inference of guilty could be drawn from defendant's refusal to testify. If the defendant desired to do so, the defendant could testify on defendant's own behalf.

**UNITED STATES RESERVATION OF RIGHTS**

11. The United States reserves the right to carry out its responsibilities under the sentencing guidelines. Specifically, the United States reserves the right: (a) to bring its version of the facts of this case including its file and any investigative files to the attention of the probation office in connection with that office's preparation of a presentence report; (b) to dispute sentencing

factors or facts material to sentencing; (c) to seek resolution of such factors or facts in conference with opposing counsel and the probation office.

**STIPULATED VERSION OF FACTS**

12. The accompanying Stipulated Version of Facts signed by the defendant is hereby incorporated into this plea agreement. Defendant adopts the Version of Facts and agrees that the facts therein are accurate in every respect and that, had the matter proceeded to trial, the United States would have proven those facts beyond a reasonable doubt.

**JURISDICTIONAL LIMITS OF PLEA AGREEMENT**

13. It is specifically understood by the defendant, that this plea agreement does not extend to or bind other federal districts, federal civil and/or tax authorities, and/or State or Commonwealth of Puerto Rico tax authorities, civil and/or State or Commonwealth of Puerto Rico law enforcement authorities.

JHCW
C.CR

**WAIVER OF APPEAL**

14. The defendant knowingly and voluntarily waives the right to appeal the judgment and sentence in this case, provided that the defendant is sentenced in accordance with the terms and conditions set forth in the Sentence Recommendation provisions of this Plea Agreement.

**DISMISSAL OF REMAINING COUNTS**

15. As part of this plea agreement, the United States, after sentencing, will request the dismissal of the remaining counts of the Indictments pending against the defendant, pursuant to Rule 11(c)(1)(A) of the Federal Rules of Criminal Procedure.

**ENTIRETY OF PLEA AGREEMENTS AND AMENDMENTS**

16. The United States and the defendant acknowledge that the above-stated terms and conditions constitute the entire plea agreement between the parties and deny the existence of any other terms and conditions not stated herein. No additional promises, terms or conditions will be entered unless in writing and signed by all parties.

**VOLUNTARINESS OF PLEA**

17. It is understood by the defendant, that defendant is entering into this plea agreement without compulsion, threats, or any other promises from the United States Attorney or any of his agents. The defendant acknowledges that no threats have been made against the defendant and that the defendant is pleading guilty freely and voluntarily because the defendant is, in fact, guilty.

**BREACH AND WAIVER**

18. The defendant understands and agrees that if the defendant breaches the plea agreement, the defendant may be prosecuted and sentenced for all of the offenses the defendant may have committed. The defendant agrees that if the defendant breaches this plea agreement, the Government reserves the right to take whatever steps are necessary to nullify the plea agreement, including the filing of a motion to withdraw from the plea agreement and/or to set aside the conviction and sentence. The defendant also agrees that if he is in breach of this plea agreement, the defendant is deemed to have waived any objection to the reinstatement of any charges under the indictment, information, or complaint which may have previously been dismissed or which may have not been previously prosecuted.

**PLEA AGREEMENT PROTOCOL**

19. To ensure that the Court's resources are employed in an efficient and productive manner, the parties agree on the following protocol regarding plea agreement preparation, handling and submission, in compliance with Local Rule 111 of the Local Rules of the United States District Court for the District of Puerto Rico.

a. The United States shall be responsible for drafting the proposed plea agreement and supplement and for providing these documents in pdf-format to defense counsel. In that respect, the United States shall furnish to defense counsel a pdf-format version of these documents bearing the signatures of the prosecutor(s) handling the case and the approval signatures of his or her supervisors, at least five (5) days prior to the deadline set forth herein.

b. Counsel for Defendant shall be responsible for the timely filing of the fully signed Plea Agreement with the Court as specified herein. In that respect, Counsel for Defendant shall ensure that he or she and the Defendant sign the pdf-version of the proposed Plea Agreement and Supplement provided by the United States. Counsel shall then scan the documents into pdf-format and submit the Court (i) the Plea Agreement as an attachment to defendant's Motion for Change of Plea, and (ii) the Plea Agreement Supplement as a "Selected Parties" filing in compliance with the Standing Order Number 9.

c. **Failure to file this fully signed plea agreement as an attachment to the change of plea motion on or before Friday, September 5, 2014 AT 5:00 P.M. will liberate the United States from any and all of its obligations, stipulations and recommendations under this plea agreement.**

**RESPECTFULLY SUBMITTED.**

**ROSA EMILIA RODRIGUEZ VELEZ**
United States Attorney

José Ruíz Santiago
Assistant U.S. Attorney
Chief, Criminal Division
Dated: 9/12/14

Jenifer Hernández-Vega
Assistant U.S. Attorney
Deputy Chief, Narcotics Division
Dated: 9/11/2014

Dennise N. Longo Quiñones
Assistant U.S. Attorney
Dated: 9/1/2014

Lara H. Castro-Ward, Esq.
Counsel for Defendant
Dated: September 18, 2014

Carlos L. Carrero-Ramos
Defendant
Dated: September, 18.2014

I have consulted with my counsel and fully understand all my rights with respect to the Indictment pending against me. Further, I have consulted with my attorney and fully understand my rights with respect to the provisions of the *Sentencing Guidelines, Policy Statements, Application, and Background Notes* which may apply in my case. I have read this Plea Agreement and carefully reviewed every part of it with my attorney. My counsel has translated the plea agreement to me in the Spanish language and I have no doubts as to the contents of the agreement. I fully understand this agreement and I voluntarily agree to it.

Date: September 18, 2014

Carlos L. Carrero-Ramos
Defendant

I am the attorney for the defendant. I have fully explained to the defendant the defendant's rights with respect to the pending indictment. Further, I have reviewed the provisions of the *Sentencing Guidelines, Policy Statements, Application, and Background Notes*, and I have fully explained to the defendant the provisions of those guidelines which may apply in this case. I have carefully reviewed every part this Plea Agreement with the defendant. I have translated the plea agreement and explained it in the Spanish language to the defendant who has expressed having no doubts as to the contents of the agreement. To my knowledge, the defendant is entering into this agreement voluntarily, intelligently and with full knowledge of all the consequences of defendant's plea of guilty.

Date: September 18, 2014

Lara H. Castro-Ward, Esq.
Counsel for Defendant

**STIPULATED VERSION OF THE FACTS**

In conjunction with the submission of the accompanying Plea Agreement in this case, the United States submits the following summary setting forth the version of the facts leading to defendant's acceptance of criminal responsibility for violating Title 21, *United States Code*, §§ 846, 841(a)(1), and 860.

Beginning on a date unknown, but no later than in or about the year 2010, and continuing up to and until the December, 2013, **CARLOS L. CARRERO-RAMOS** did knowingly and intentionally, combine, conspire, and agree with other defendants and with diverse other persons known and unknown to the Grand Jury, to commit an offense against the United States, that is, to knowingly and intentionally possess with intent to distribute and/or to distribute controlled substances, to wit: in excess of two hundred and eighty (280) grams of cocaine base (crack), a Schedule II Narcotic Drug Controlled Substance; in excess of one (1) kilogram of heroin, a Schedule I, Narcotic Drug Controlled Substance; in excess of five (5) kilograms of cocaine, a Schedule II, Narcotic Drug Controlled Substance; and in excess of one hundred (100) kilograms of marijuana, a Schedule I, Controlled Substance; within one thousand (1,000) feet of the real property comprising a housing facility owned by a public housing authority, that is the Francisco Figueroa Public Housing Project in Añasco, Puerto Rico. All in violation of Title 21, *United States Code,* Sections 841(a)(1), 846 and 860.

JHCW
C.C.R

The object of the conspiracy was to distribute controlled substances at the Francisco Figueroa Public Housing Project in Añasco, Puerto Rico (the "PHP") on behalf of the drug trafficking organization (the "DTO") operating at the PHP, all for significant financial gain and profit.

In furtherance of the conspiracy and to achieve its objects the defendant would participate as a **leader** directly controlling and supervising the drug trafficking activities at the drug

distribution points located at the PHP, in particular at the Mayuco Ward. During the span of the conspiracy, the defendant purchased multi-kilogram quantities of narcotics and oversaw the transportation and sale of such narcotics by their subordinates at the PHP. [redacted].

For the sole purpose of this Plea Agreement, it has been agreed upon that the defendant will be held accountable for at least 5 KG but less than 15 KG of cocaine.

Had the government proceeded to trial, it would have presented the testimony of cooperating witnesses, confidential sources, law enforcement officers and expert witnesses, as well as submitted into evidence: video recordings, audio recordings, and photographs of drug ledgers, paraphernalia, [redacted] and other items seized by law enforcement agents during the investigation.

Full discovery was timely provided to the defense.

Dennise N. Longo Quiñones
Date: 9/1/2014

Carlos L. Carrero-Ramos
Date: 13/September/2014

Lara H. Castro-Ward, Esq.
Date: September 18, 2014